# Simon, Appellant, *v.* Majestic Apartment House Company.

*Equity—Equity practice—Conflicting lien claims—Execution—Preliminary injunction—Appeals—Supreme Court.*

A bill in equity to foreclose a corporation mortgage on a hotel property was filed by the mortgagee trustee. On motion for a preliminary injunction to restrain a judgment creditor from proceeding with executions levied against the personal property, it appeared that the judgments were subsequent to the mortgage, but it was claimed by the holders thereof that the mortgage did not cover the furniture and fixtures. The court granted a preliminary injunction restraining further proceedings under the judgments mentioned, the decree preserving the creditor's right to have his execution satisfied out of the proceeds of the sale of the personal property of the hotel, if he had such a right. The bond given insured the payment for said property of a sum largely in excess of what would be required to pay the judgment creditor if he had the preference which he claimed. *Held,* that the preliminary injunction should not be disturbed.

Argued May 21, 1914. Appeal, No. 181, Jan. T., 1914, by plaintiff, from decree of C. P. No. 1, Philadelphia Co., Dec. T., 1913, No. 3224, transferred from C. P. No. 2, Sept. T., 1913, No. 3536, awarding a preliminary injunction in case of C. Herbert Simon v. Majestic Apartment House Company. Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Bills in equity to foreclose a corporation mortgage and to restrain execution under judgments alleged to be sub-

sequent to the mortgage. Motion for preliminary injunction. Before BREGY, P. J.

At the hearing of the motion it appeared that the Majestic Apartment House Company was incorporated for the purpose of purchasing land and building thereon an apartment house and hotel and conducting a general apartment house and hotel business.

The property of the company was subject to two mortgages, the first to the Real Estate Trust Company of Philadelphia, Trustee, to secure the company's $1,000,-000 bond issue of March 20, 1910, and the second, executed on January 25, 1909, to the Security Trust Company of Camden, New Jersey, to secure its second bond issue of $500,000 of January 25, 1909, and conveying the same property conveyed in the first mortgage, and subject to the lien of the first mortgage.

On December 13, 1913, C. Herbert Simon obtained a judgment against the company for the sum of $9,625.82 and on the same day issued an execution directed to the sheriff of Philadelphia County, to levy on the stock, fixtures, and household furniture of the hotel and apartment house, and on December 15, 1913, Joseph R. Wainright secured a judgment against the company for $15,-220, and caused execution to be issued, which was levied upon the same property. It was contended by the execution creditors that the mortgage did not cover the personal property and fixtures of the company.

On January 14, 1914, on application of a stockholder of the company, the court appointed receivers who were operating the apartment house and hotel. Subsequently, on February 17, 1914, the court directed the trustee to institute foreclosure proceedings on the first mortgage. The trustee filed the foreclosure bill on March 10, 1914, and averred, inter alia, that the execution judgment creditors above mentioned claimed that the furniture and fixtures in said hotel property were not covered by the mortgages, and prayed that an injunction be granted

restraining such creditors from proceeding further with their execution.   The court entered the following decree:

And now, to wit, May eleventh, 1914, upon consideration of the bills for restraining orders filed in the above-entitled causes by the Real Estate Trust Company of Philadelphia, Trustee, &c., praying, inter alia, that C. Herbert Simon and the sheriff of Philadelphia County should be restrained as to the execution levied upon certain personal property of the Majestic Apartment House Company, in the cause entitled "C. Herbert Simon v. Majestic Apartment House Company, C. P. No. 2, September Term, 1913, No. 3536," and after due hearing in open court by this court in conjunction with the president judge of the Court of Common Pleas No. 2, and at the conclusion of such hearing, by consent of counsel, the said cause entitled in the Court of Common Pleas No. 2, as above, was transferred to this court to the cause of the first of the above entitled numbers, it is ordered that C. Herbert Simon and A. Lincoln Acker, high sheriff of Philadelphia County, be, and they hereby are, restrained from proceeding further to execution under the writ of fieri facias issued under the judgment in the cause entitled "C. Herbert Simon v. Majestic Apartment House Company, C. P. No. 2, September Term, 1913, No. 3536," which was levied upon the stock, fixtures and household furniture and contents of the Majestic Apartment House Company, and more particularly from proceeding further with the sale of such property advertised to take place upon May 13, 1914; and that such writ shall be retained in the hands of such sheriff as unreturned until the final disposition of the fund realized by the sale of said property so levied upon at the hands of The Real Estate Trust Company of Philadelphia, Trustee, &c., under its above-entitled foreclosure bill, as set forth in said bill, such lien upon said property so levied upon as the said C. Herbert Simon acquired by virtue of said levy to be maintained and relegated and attached to the fund to be produced by the trustee's sale aforesaid; the

decision of all questions of rights in said fund priority, and order of lien and awards thereunder to be decided at the time of the distribution of such fund; the proceeds of the property levied upon under said writ to be earmarked in the hands of such trustee, and to be distributed as a separate fund, representing in all respects as to rights of participation therein the property itself, as though the liens thereon had not been discharged by the sale.

This order to be conditioned upon the Fidelity Title and Trust Company of Pittsburgh, the holder of all the bonds of the Majestic Apartment House Company secured by the mortgage to The Real Estate Trust Company of Philadelphia, Trustee, stipulating and agreeing of record in this cause that it will bid, or cause to be bid, at the sale by such trustee as aforesaid under the decree of foreclosure, of such property so levied upon, a sum of at least Thirty Thousand Dollars ($30,000), and upon entering the usual injunction bond in the sum of $12,000.

C. Herbert Simon appealed.

*Error assigned* was the decree of the court.

*Walter Biddle Saul,* for appellant.

*Joseph deF. Junkin,* for Real Estate Trust Company, appellee.

.PER CURIAM; May 22, 1914:

The decree appealed from was made in the exercise of the chancery powers of the court.  It does not deprive the appellant of his right to have his execution satisfied out of the proceeds of the sale of the personal property of the Majestic Apartment House Company if he has such right.  The bond given by the Fidelity Title and Trust Company insures the payment for said property of a sum largely in excess of what will be required to pay the appellant if he has the preference which he

claims. Whether he has such preference can be determined by the court after due consideration upon final hearing or on distribution of the proceeds of sale made by the receiver. We have not been persuaded that we should depart from the rule as to non-interference with preliminary injunctions, and the appeal is dismissed without prejudice to any rights of the appellant, the costs to be disposed of on final hearing.